# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN J. KELLY,

    **Plaintiff,**

    vs.

**UNITED STATES STEEL CORPORATION,**

    **Defendant.**

) 2:11-cv-00193

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the court is DEFENDANT UNITED STATES STEEL CORPORATION'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Document No. 13), with brief in support (Document No. 14). Plaintiff John J. Kelly ("Kelly") has filed a brief in opposition to the motion (Document No. 22) and has attached an exhibit thereto (Document No. 22-1). Accordingly, the motion is ripe for disposition.

Factual and Procedural History

In essence, Kelly claims that he was discharged from his employment by United States Steel ("Defendant") due to his age. On August 12, 2010, he filed a formal charge of age discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The charge was cross-filed with the Pennsylvania Human Relations Commission (the "PHRC" or "Commission") on August 25, 2010. Kelly received a letter from the PHRC on November 18, 2010, which notified him of the cross-filing. *See* Plaintiff's Exhibit A (Document No. 22-1). Furthermore, the letter provided that under the Work Sharing Agreement between the EEOC and PHRC, the "PHRC waived the opportunity to investigate the complaint back to the EEOC." The PHRC, however, made clear that it "reserve[d] the right to docket, serve and

require an answer at some future date."

On February 11, 2011, Kelly initiated the instant action, claiming that he was discharged because of his age (he was fifty-two (52) years of age at the time of his discharge) in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 957, *et seq.* ("PHRA"). Defendant filed an Answer on April 15, 2011 (Document No. 6).

In the pending motion, filed on June 20, 2011, Defendant contends that Kelly's PHRA claim should be dismissed because he has failed to exhaust his administrative remedies with the PHRC. Specifically, Defendant argues that because Kelly filed suit in this Court only six (6) months after filing his administrative charge, he infringed upon the PHRC's one-year period of exclusive jurisdiction. Furthermore, Defendant seeks dismissal of Kelly's claim for compensatory and punitive damages under the ADEA, arguing that such damages are not available under the act.

Standard of Review

Federal Rule of Civil Procedure 12(c) provides as follows: "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion is reviewed in the same manner as a motion to dismiss a complaint under Rule 12(b)(6). *See, e.g., Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). The Court will grant a motion for judgment on the pleadings only if the movant establishes that there are no material issues of fact and, therefore, the movant is entitled to judgment as a matter of law. *See Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n. 4 (3d Cir. 1986). All reasonable inferences must be drawn in favor of the non-moving party, which in this case is Kelly.

Legal Analysis

   A. PHRA Claim

Defendant argues that Kelly's PHRA claim must be dismissed as a matter of law because he brought suit in this Court less than a year after filing his charge with the PHRC and thus failed to exhaust his administrative remedies. The Pennsylvania Supreme Court has clearly established that the PHRA requires a plaintiff to file an administrative complaint with the PHRC before he may file a lawsuit alleging a PHRA violation. *See Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 920 (Pa. 1988). The complaint must be filed with the PHRC within 180 days after the alleged discriminatory conduct occurred. *See* 43 P.S. § 962(h). The PHRC retains exclusive jurisdiction over such a complaint for a period of one year "to conduct an investigation of the charges and, if possible, conciliate the matter." Clay, 559 A.2d at 920. However, if the Commission dismisses the complaint or has not entered into a conciliation agreement prior to one (1) year after the filing of a complaint with PHRC, a complainant is permitted to resort to judicial remedies as provided by the act. *See id.* (quoting 43 P.S. § 962(c)).

In this case, the cross-filing of Kelly's EEOC complaint with the PHRC on August 25, 2010, satisfied the PHRA's 180-day filing requirement. Kelly's February 11, 2011, filing of the instant action, however, came only six (6) months after the filing of his complaint with the PHRC, i.e. approximately six (6) months before the expiration of the PHRC's period of exclusive jurisdiction. Kelly acknowledges that he failed to wait a full year prior to the filing of his PHRA claim with this Court. Nonetheless, he urges the Court to find that he has exhausted his administrative remedies because the PHRC informed him in a letter dated November 18, 2010, that it had waived the opportunity to investigate his complaint back to the EEOC. He

suggests that such waiver, along with the PHRC's failure to take action on his claim in the eleven and one-half months the claim had been before the Commission, effectively constitutes a dismissal of his complaint, giving him the right to file suit in this Court. The Court finds that Kelly has misconstrued the PHRC's letter, for nothing in the letter indicates that the PHRC was actually dismissing Kelly's complaint. Indeed, the Commission expressly noted that it retained the right to docket the case. Accordingly, Kelly has failed to exhaust his administrative remedies under the PHRA by prematurely filing suit in this Court.

The remaining issue is whether Kelly's premature PHRA claim should be dismissed, in light of the fact that the period required for PHRA exhaustion has expired during the pendency of this litigation. A number of courts within the Third Circuit, when faced with this issue, have permitted a plaintiff to amend his complaint to assert a PHRA claim once the PHRC's period of exclusive jurisdiction has expired. *See, e.g.*, *Santi v. Business Records Management, L.L.C*, 2010 WL 3120047, at *6 (W.D. Pa. Aug. 9, 2010) (collecting cases and granting leave to amend complaint following the completion of the administrative process); *McGovern v. Jack D's, Inc.*, 2004 WL 228667, at *8 (E.D. Pa. Feb. 3, 2004) (same); *Reilly v. Upper Darby Twp.*, 2010 WL 55296, at *4 (E.D. Pa. Jan. 6, 2010) (same); *Troendle v. Yellow Freight, Inc.*, 1999 WL 89747, at *6 (E.D. Pa. Feb. 2, 1999) (concluding "that [plaintiff] constructively exhausted her administrative remedies before the PHRC" when the one-year period elapsed during pendency of litigation). Furthermore, in *Violanti v. Emery Worldwide A-CF Co.*, 847 F.Supp.1257, 1258 (M.D. Pa. 1994) (involving the same situation), the court reasoned that the premature filing of the PHRA claim was curable by the passage of time. Rather than dismissing the plaintiff's claim due to a technical defect, the court simply denied the defendant's motion. *See id.*

Importantly, U.S. Steel has not shown that the PHRC truncated its investigation in

4

response to Kelly's filing of this lawsuit. Thus, Kelly would be permitted to assert a PHRA claim upon exhaustion of the one-year period of administrative jurisdiction. The result in *Violanti* – rather than putting the parties through the time and expense of dismissal without prejudice, followed by additional pleadings – is consistent with Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, Defendant's Motion for Partial Judgment on the Pleadings as to Plaintiff's PHRA claim will be **DENIED.**

B. Compensatory Damages Claim

The pending motion also seeks dismissal of Kelly's claim for compensatory damages and loss of consortium under the ADEA, arguing that such damages are not available under the act. It is well established that compensatory damages are not recoverable under the ADEA. *See C.I.R. v. Schleier*, 515 U.S. 323, 326 (1995) ("[t]he Courts of Appeals have unanimously held . . . that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress"). Our appellate court is included among those barring such recovery. *See Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 842 (3d Cir. 1977) (holding that "damages for 'pain and suffering' or emotional distress cannot properly be awarded in ADEA cases"), *rev'd on other grounds in Smith v. Joseph Schlitz Brewing Co.*, 584 F.2d 1231 (3d Cir. 1978). Similarly, it is well-established that a loss of consortium claim is not available under the ADEA. *Acevedo v. Monsignor Donovan High School,* 420 F.Supp.2d 337, 347-48 (D.N.J. 2006). Kelly does not contest this issue. Accordingly, Plaintiff's claim for compensatory damages and loss of consortium under the ADEA will be **DISMISSED**.

C. Punitive Damages Claim

Defendant likewise contends that Kelly may not recover punitive damages under the

ADEA.  Although the United States Court of Appeals for the Third Circuit has not addressed this issue, all of the courts of appeals which have done so have denied claims for punitive damages in ADEA cases.  *See Bruno v. Western Elec. Co.*, 829 F.2d 957, 966-67 (10th Cir. 1987) (collecting cases from other circuits).  Several members of this Court and a number of our sister courts within the Third Circuit have denied claims for punitive damages under the ADEA as well.  *See, e.g.*, *Zurik v. Woodruff Family Services*, 2009 WL 4348826, at *1 (2009 W.D.Pa. Dec. 1, 2009); *Baldwin v. Peake*, 2009 WL 1911040, at *3 (2009 W.D.Pa. July 1, 2009); *Steward v. Sears Roebuck & Co.*, 312 F.Supp.2d 719, 730 (E.D.Pa. 2004).  The Court finds those decisions persuasive and agrees that the ADEA does not authorize claims for punitive damages.  Therefore, Kelly's claim for punitive damages under the ADEA will be **DISMISSED**.[1]

Conclusion

In summary, Defendants' Motions for Partial Judgment on the Pleadings will be **GRANTED IN PART and DENIED IN PART**.

An appropriate Order follows.

McVerry, J.

---

[1] As Defendant correctly points out, punitive damages are also not available under the PHRA. *See Hoy v. Angelone*, 720 A.2d 745, 749 (Pa. 1998) ( "[w]hile punitive damages also serve to deter, simply put, we do not consider punitive damages to be consistent with the remedial nature of the Act").  Thus to the extent that Plaintiff has asserted a claim for punitive damages under the PHRA, such a claim will be **DISMISSED**.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KELLY, | ) |
| Plaintiff, | ) |
| | ) 2:11-cv-00193 |
| vs. | ) |
| | ) |
| UNITED STATES STEEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF THE COURT

AND NOW, this 16th day of August, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Document No. 13) filed by United States Steel Corporation is **DENIED IN PART** and **GRANTED IN PART** as follows:

(1) Denied as to Plaintiff's PHRA claim;

(2) Granted as to Plaintiff's claims for compensatory damages and loss of consortium under the ADEA; and

(3) Granted as to Plaintiff's claims for punitive damages under the ADEA and the PHRA.

BY THE COURT:

/s/ Terrence F. McVerry
United States District Court Judge

cc: **Bruce C. Fox, Esquire**
Email: bruce.fox@obermayer.com
**Mary Elizabeth Fischman, Esquire**
Email: beth.fischman@obermayer.com
**Anthony F. Jeselnik, Esquire**
Email: afjeselnik@uss.com
**Rodney M. Torbic, Esquire**
Email: rmtorbic@uss.com